USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/6/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
KORON TARANTOLA                     :

                     Plaintiff,        :        15cv07094

        -against-                  :        MEMORANDUM AND ORDER

THE CITY OF NEW YORK, *et al.*      :

                     Defendants.       :
------------------------------------X

WILLIAM H. PAULEY III, District Judge:

        By order dated September 24, 2015, (ECF No. 7), this Court sua sponte directed Plaintiff Koron Tarantola to show cause why this federal civil rights action should not be transferred to the Eastern District of New York.

        Tarantola's attorney filed this action in the Southern District of New York, even though his client resides in the Eastern District of New York and all of the events described in the Complaint, including Tarantola's arrest, occurred there. And the filing in this District was not even a matter of convenience for Tarantola's attorney (although that is not a proper consideration for venue) because his office is in Brooklyn, New York. In the Complaint, Tarantola asserts that venue is proper because "this is the District where the claim arose, especially with respect to the managers of the City of New York and the New York City Police Department who [sic] allow the unlawful acts complained of to continue." (Compl. ¶ 4). In response to this Court's order to show cause, Tarantola argues that the "supervisors of the New York City Police Department, and other government official who [sic] in turn oversee those police officials" are located in Manhattan, and that he intends to litigate a Monell claim implicating a practice of police misconduct. (ECF No. 8, at 4.)

"Even when venue is proper in the Southern District of New York, the Court may transfer an action pursuant to 28 U.S.C. § 1404(a)." Solar v. Annetts, 707 F. Supp. 2d 437, 441 (S.D.N.Y. 2010) (citation omitted). That section grants courts the power to "transfer any civil action to any other district or division" where the case may have been brought. 28 U.S.C. § 1404(a). "[O]nce a district court makes a threshold showing that the action could have been brought in the transferee district, which is not in dispute here, the focus shifts to 'determinations of convenience,' which are 'considered on a case-by-case basis.'" Synca Direct, Inc. v. SCIL Animal Care Co., No. 15-cv-2332, 2015 WL 3883281, at *1 (S.D.N.Y. June 22, 2015). The Court may consider such factors as (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106–07 (2d Cir. 2006).

In this case, the likely witnesses, documentation, parties, and relevant facts are all centered in the Eastern District of New York. Engrafting a Monell claim does not change that. The only thing that changes is that police officers in Staten Island may be inconvenienced and Tarantola's attorney can artificially inflate his presumptive hourly rate. See Simmons v. New York City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009) (finding presumption in favor of calculating attorney's fees based on prevailing hourly rates where the district court sits); see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 552 F.3d 182, 190 (2d Cir. 2008).

## **CONCLUSION**

For the reasons set forth above and in the interest of convenience for the parties and witnesses, this Court orders the Clerk of Court to transfer this action to the Eastern District of New York.

Dated:   October 6, 2015
         New York, New York

                              SO ORDERED:

                              _____
                              WILLIAM H. PAULEY III
                              U.S.D.J.

*All Counsel of Record via ECF.*